State vs. Johnson.

No. 1077.

THE STATE OF LOUISIANA VS. SHAD JOHNSON.

| 35 | 871 |
| 44 | 961 |
| 35 | 871 |
| 47 | 1228 |
| 35 | 871 |
| 48 | 1565 |
| 35 | 871 |
| 50 | 333 |

Before a witness can be discredited on the ground of having made a contradictory statement to that made on the trial, such mode of discrediting cannot be resorted to, unless the proper foundation is first laid by asking the witness whether he had made such statement, giving the particulars of the time, place or circumstances under which it was made. Where this cannot be done, because the witness sought to be discredited is dead, the proof of such contradictory statement will not be admitted.

APPEAL from the Sixteenth District Court, Parish of East Feliciana, Klenan, J.

Chas. E. Lea, District Attorney, for the State, Appellee.

F. J. Kernan and T. B. Lyons for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was convicted of larceny, and appeals from a sentence of fifteen months' imprisonment at hard labor in the penitentiary. His sole complaint before this Court is to the ruling of the trial Judge, excluding certain testimony, to which a bill of exceptions was taken, appearing in the record. The bill shows:

That there were two trials in the District Court; that on the first trial one S. B. Kent testified, as a witness for the State, touching the identity of the property charged to have been stolen. This witness, Kent, died before the second trial, and at this second trial testimony was admitted to prove what Kent had sworn to on the previous one. A witness, Robins, was called by the defense, and testified in rebuttal of the testimony of Kent, the deceased witness. After so testifying, Robins was asked what Kent had told him, immediately before and after the former trial, in regard to the identity of the property, " and the connection of the accused with said charge." This was objected to as hearsay, the objection sustained, and the testimony excluded.

The ruling was correct. It does not appear from the bill that the rejected testimony was offered to impeach the credibility of Kent. Such purpose is not stated in the bill. If such was not the purpose, the testimony was clearly inadmissible, on the ground of being hearsay. If offered to discredit the deceased witness, it was equally inadmissible, for the reason that a witness cannot be discredited in this manner unless the alleged contradictory statement has first been called to his attention, as to time, place and circumstance, or otherwise designated with sufficient certainty; and this foundation must first be laid before such mode of discrediting can be resorted to. Greenleaf, Evidence, Vol. 1, p. 636.

Nor does the impossibility of laying such a foundation, on account of the death of the witness sought to be discredited, dispense with the application of the rule, or rather, affect the principle involved in it ; for this rule is intended not only for the protection of the witness, but for the elucidation of the truth. Greenleaf says : " that common justice requires that, by first calling the witness' attention to the subject, he should have an opportunity to recollect the facts and, if necessary, to correct the statement already given, as well, as by a re-examination, to explain the nature, circumstances, meaning and design of what he is proved elsewhere to have said." Vol. I, p. 639. And in a note on same page we find this language : " The utility of this practice is illustrated by a case mentioned by Mr. Justice Cowen, in his notes to Phillips on Evidence, in which a highly respectable witness, sought to be impeached through an out-of-door conversation by another witness, who seemed very willing to bring him into contradiction, upon both being placed on the stand, furnished such a distinction to the latter as corrected his memory and led him, in half minute, to acknowledge he was wrong."

If this wise and salutary rule is varied or departed from, with respect to the testimony of a dead witness, because of the impossibility of its application, we can readily perceive what facility it would afford to the impairment or destruction of testimony of the very highest character and entitled to the most implicit confidence. For these reasons we are confirmed in the correctness of the ruling complained of.

The judgment and sentence appealed from are, therefore, affirmed with costs.